

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:19-cr-00183-MO |
| v. | INDICTMENT |
| LORI E. DEVENY, | 18 U.S.C. 1341; 18 U.S.C. § 1344; 18 U.S.C. § 1028A; 18 U.S.C. § 1957; 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(1); 26 U.S.C. § 7206(1); 26 U.S.C. § 7203; 28 U.S.C. § 2461(c) |
| Defendant. | |
| | Forfeiture Allegation |
| | UNDER SEAL |

### THE GRAND JURY CHARGES:

### COUNT 1 THROUGH COUNT 6
(Mail Fraud)
(18 U.S.C. § 1341)

A.    **INTRODUCTORY ALLEGATIONS**

1.    At all relevant times:

    a.    Defendant **LORI E. DEVENY (DEVENY)** was a resident of Multnomah County, within the District of Oregon

    b.    From in or about September 1989 to in or about May 2018, defendant **DEVENY** was an attorney licensed to practice law in the State of Oregon. Defendant **DEVENY** was a sole practitioner with an office located in Portland, Oregon. **DEVENY** provided legal services to clients in exchange for attorney's fees. **DEVENY** specialized in representing clients

who had suffered physical injuries as the result of automobile accidents and other traumatizing events. Over the course of her legal career, defendant **DEVENY** represented hundreds of clients.

  c. Defendant **DEVENY** was a signatory on and exercised control over the following bank accounts:

    i. Wells Fargo Bank account number XXXXXX9911, Interest on Lawyers Trust Account (IOLTA) of Lori E. Deveny, Attorney at Law, Basic Business Checking account;

    ii. Wells Fargo Bank account number XXXXXX9853, Lori E. Deveny, Attorney at Law, Business Checking account;

    iii. Wells Fargo Bank account number XXXXXX0232, Lori E. Deveny and Robert Deveny Personal Checking account.

  2. As a member of the Oregon State Bar, defendant **DEVENY** was obligated to comply with the Oregon Rules of Professional Conduct. Under these rules, defendant **DEVENY** was required, among other things, to keep her clients reasonably informed of the status of their matters; promptly notify clients of the receipt of any funds in which the clients have an interest; and promptly pay or deliver to her clients, any such funds that the clients are entitled to receive.

  3. On or about May 24, 2018, **DEVENY** signed a Form B resignation affidavit and submitted it to the Oregon State Bar. The Chief Justice of the Oregon Supreme Court accepted **DEVENY'S** resignation on or about July 26, 2018.

  4. Client 1 was an individual who resided in the State of Washington. Beginning as early as 2016 and continuing until at least May 2018, Client 1 had a formal attorney-client

relationship with defendant **DEVENY**. Specifically, defendant **DEVENY** agreed to represent Client 1 in relation to an insurance claim for injuries Client 1 suffered as a result of an automobile accident.

5. Client 2 was an individual who resided within the District of Oregon and elsewhere. Client 2 had a formal attorney-client relationship with defendant **DEVENY** in or about 1996, when **DEVENY** successfully handled a workmen's compensation claim for Client 2. Sometime prior to September 2017, Client 2 wanted to make a claim against a company that manufactured medical devices. When Client 2 went to defendant **DEVENY** to have her handle this claim, **DEVENY** referred the case to another attorney, and Client 2 hired that attorney. Defendant **DEVENY** received a referral fee from the attorney who represented Client 2 in the case against the medical device manufacturer.

**B.   THE SCHEME TO DEFRAUD**

6. Beginning at least as early as in or about April 2011, and continuing through the date of this Indictment, within the District of Oregon and elsewhere, defendant **DEVENY**, and others known and unknown to the grand jury, did knowingly and with intent to defraud, devised and intended to devise a material scheme and artifice to defraud clients of her law firm, and to obtain money and property of those clients by means of materially false and fraudulent pretenses, representations, and promises, and through the omission of material facts that defendant **DEVENY** had a duty to disclose.

7. **DEVENY** defrauded many of her clients by systematically stealing funds from her IOLTA account, Wells Fargo Bank account number XXXXXX9911, that she held in trust for her clients. The source of the stolen funds was insurance proceeds that were due and payable to

**DEVENY'S** clients. A variety of insurance companies had made payments to **DEVENY'S** clients as the result of filed claims that **DEVENY** sent either through the mail or via interstate wire. **DEVENY** forged the names of many of her clients on settlement documents she sent to the insurance companies. These insurance companies used the U.S. Postal Service or private commercial carriers to send the insurance proceeds checks to **DEVENY**. Once **DEVENY** received the checks, she deposited the insurance proceeds meant for her clients to her IOLTA account, Wells Fargo Bank account number XXXXXX9911. In order to deposit many of the checks, **DEVENY** forged the names of her clients on the endorsement portion of the checks. **DEVENY** then fraudulently converted to her own use, more than her agreed-upon one-third share of attorney fees from the insurance proceeds. Defendant **DEVENY** did so by making unauthorized transfers of funds from the IOLTA account to her business checking account, her personal account, and her husband's business account, and by making large cash withdrawals from the IOLTA account. Many of **DEVENY'S** clients were unaware that the defendant had settled their claims with the insurance companies. When clients complained about the length of time it was taking for claims to settle, **DEVENY** sent them lulling emails or text messages, making a variety of excuses, including: claiming that the insurance companies typically take a long time to settle claims; falsely claiming that she was following up with insurance companies about their delays in making settlement payments; falsely claiming that the clients' settlements had been delayed by medical liens; claiming that she was ill; claiming that other family members were ill; and other excuses. Many of **DEVENY'S** clients never received any of the insurance proceeds owed to them.

8. Defendant **DEVENY** used the funds she embezzled from her clients to pay for the following: personal credit card and loan payments; numerous big game hunting trips to Africa; taxidermy expenses for big game hunting trophies; numerous other vacation trips; her husband's photography business; remodeling her home; expensive cigars; and other expenses associated with her lavish lifestyle. Defendant **DEVENY** also used a portion of some clients' stolen funds to pay other clients who had not received their insurance settlement proceeds.

### C. THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD

9. The material scheme to defraud operated, in substance, in the following manner:

   a. It was part of the material scheme to defraud that Defendant **DEVENY** had many of her clients sign retainer agreements wherein **DEVENY** would earn one-third of any settlement she negotiated on behalf of the clients.

   b. Defendant **DEVENY** would negotiate a settlement with various insurance companies on behalf of various clients that would require the payment of insurance proceeds to the client.

   c. Many times, defendant **DEVENY** would misrepresent, conceal, and falsely describe to the client the true terms of the settlement and/or the disposition the settlement proceeds.

   d. Other times, defendant **DEVENY** would fail to inform the client that a settlement with the insurance companies occurred at all.

   e. Many times, defendant **DEVENY** would forge the signatures of clients on settlement documents that she sent to the insurance companies, either through the U.S. Postal Service or via interstate wires.

f. Defendant **DEVENY** would forge the signatures of clients on some insurance settlement checks that were meant for her clients.

g. Defendant **DEVENY** would cause the settlement proceeds to be deposited in or transferred to her IOLTA account, Wells Fargo Bank account number XXXXXX9911, that **DEVENY** controlled.

h. Defendant **DEVENY** would fail to inform clients that she had reached settlements with insurance companies, and that the insurance companies had sent settlement funds to **DEVENY** on behalf of the clients.

i. Other times, defendant **DEVENY** informed clients that the insurance companies sent settlement proceeds, but falsely told clients that there were various impediments to her distributing the funds to the clients.

j. Defendant **DEVENY** would embezzle, misappropriate, and convert to her own use, insurance settlement proceeds to which she was not entitled.

k. Many times, defendant **DEVENY** would lull clients to prevent them from discovering her fraudulent scheme by, among other things, falsely denying that settlement proceeds had been paid; claiming that insurance companies often delayed settlements for long periods of time; falsely claiming that she was following up with insurance companies about their delays in making settlement payments; sending funds to clients under the false pretense that such funds were "advances" on the purportedly yet-to-be received settlement proceeds; falsely claiming that there were medical liens or other "holds" on settlement proceeds; and falsely claiming that payment of the settlement proceeds to the client had been delayed for legitimate

reasons, and that distribution of the funds would occur at some time in the future; claiming that she was ill; and claiming that other family members were ill.

### D. THE USE OF THE MAIL

10. On or about the dates set forth below, in the District of Oregon and elsewhere, defendant **DEVENY**, and others known and unknown to the Grand Jury, for the purpose of executing the aforementioned material scheme and artifice to defraud, and attempting to do so, did knowingly cause to be sent and delivered by the United States Postal Service or by private or commercial interstate carrier, according to the directions thereon, the items listed below, each of which constitutes a representative sample of the use of the mails and private or commercial interstate carriers, in furtherance of the material scheme and artifice to defraud, and each such use of the mails or private or commercial interstate carriers being a separate count of this Indictment:

| COUNT | DATE | ITEMS MAILED |
| --- | --- | --- |
| 1 | 06/25/2014 | Farmer's Insurance Company check number xxxxxx8602 for $150,000. |
| 2 | 10/02/2015 | KP Financial Services OPS check number xxxxxx1128 for $100,000. |
| 3 | 12/23/2015 | EMC Insurance check number xxxx4532 for $90,000. |
| 4 | 08/15/2016 | Zurich American Insurance Company check number xxxxxx5060 for $92,500. |
| 5 | 05/23/2017 | Safeco Insurance, a Liberty Mutual Company, check number xxxx1487 for $100,000. |
| 6 | 06/04/2018 | Country Financial check number xxx0710 for $20,000. |

In violation of Title 18, United States Code, Section 1341.

## COUNT 7 THROUGH COUNT 12
(Wire Fraud)
(18 U.S.C. § 1343)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 6 of this Indictment.

2. Beginning at least as early as in or about April 2011, and continuing through the date of this Indictment, in the District of Oregon and elsewhere, defendant **LORI E. DEVENY (DEVENY)**, together with persons known and unknown to the Grand Jury, did knowingly and intentionally devise and intend to devise a material scheme and artifice to defraud clients of her law firm, and to obtain money and property of those clients by means of materially false and fraudulent pretenses, representations, and promises, and through the omission of material facts that defendant **DEVENY** had a duty to disclose.

3. The material scheme and artifice to defraud is more particularly set forth in paragraphs 1 through 10 of Count 1 through Count 6 of this Indictment, and are incorporated herein by this reference.

4. On or about the dates set forth below, in the District of Oregon and elsewhere, defendant **LORI E. DEVENY**, together with others known and unknown to the Grand Jury, for the purpose of executing the aforementioned material scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communications, signals, and sounds, that is, facsimiles of documents; emails; text messages; and wire transfers of money across state lines, as set forth below, each such use of the wires being a separate count of this Indictment:

| COUNT | DATE | ITEM WIRED | FROM | TO |
|---|---|---|---|---|
| 7 | 10/13/2015 | Currency in the amount of $13,897 | Wells Fargo Bank account number xxxxxx9853 | Jacques Senekal, African Maximum Safaris, South Africa |
| 8 | 11/16/2016 | Trust Agreement and Release in Full Form | Facsimile number (503) 225-0445 | Facsimile number (877) 217-1389 |
| 9 | 03/20/2017 | Letter And Release In Full Of All Claims | Facsimile number (503) 256-8675 | Facsimile number (866) 568-2132 |
| 10 | 06/28/2017 | Letter and Release in Full of All Claims Form | Facsimile number (503) 225-0445 | Facsimile number (888) 268-8840 |
| 11 | 05/31/2018 | Letter and Release In Full Of All Claims Form | Facsimile number (503) 225-0445 | Facsimile number (866) 893-4517 |
| 12 | 10/30/2018 | Text messages | Cell phone number (503) 256-7380 | Cell phone number (360) 787-1037 |

In violation of Title 18, United States Code, Section 1343.

## COUNT 13
### (Aggravated Identity Theft)
### (18 U.S.C. § 1028A)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 12 of this Indictment.

2. On or about May 31, 2018, in the District of Oregon and elsewhere, defendant **LORI E. DEVENY (DEVENY)** did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the name and signature of Client 1, during and in relation to a felony violation of Title 18, United States Code, Section 1343, Wire Fraud,

knowing that the means of identification belonged to one of **DEVENY'S** clients, another actual person.

In violation of Title 18, United States Code, Section 1028A.

## COUNT 14
### (Bank Fraud)
### (18 U.S.C. § 1344)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 13 of this Indictment.

2. On or about September 19, 2017, in the District of Oregon and elsewhere, defendant **LORI E. DEVENY (DEVENY)** did knowingly execute and attempt to execute a material scheme or artifice to defraud Wells Fargo Bank, which at the time was a federally insured financial institution, and to obtain money and property owned by and under the control of Wells Fargo Bank, by materially false and fraudulent pretenses, representations and promises, to wit: depositing to her IOLTA account, Wells Fargo Bank account number XXXXXX9911, without lawful authority, a stolen check in the amount of $55,629.01, written on another Wells Fargo Bank account, number XXXXXX7709, and made payable to one of **DEVENY'S** clients.

In violation of Title 18, United States Code, Section 1344.

## COUNT 15
### (Aggravated Identity Theft)
### (18 U.S.C. § 1028A)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 14 of this Indictment.

2. On or about September 19, 2017, in the District of Oregon and elsewhere, defendant **LORI E. DEVENY (DEVENY)** did knowingly possess and use, without lawful

authority, a means of identification of another person, that is, the name and signature of Client 2, during and in relation to a felony violation of Title 18, United States Code, Section 1344, to wit: Bank Fraud, knowing that the means of identification belonged to one of **DEVENY'S** clients, another actual person.

In violation of Title 18, United States Code, Section 1028A.

## COUNT 16
### (Engaging in Monetary Transactions with Criminally Derived Property)
### (18 U.S.C. § 1957)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 15 of this Indictment.

2. On or about September 20, 2017, in the District of Oregon and elsewhere, defendant **LORI E. DEVENY** did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is making a $26,000 transfer through the Automated Clearing House (ACH) from Wells Fargo Bank account number X9853 to American Express for payment on account number X7003, such property having been derived from a specified unlawful activity, that is, Bank Fraud.

In violation of Title 18, United States Code, Section 1957.

## COUNT 17
### (Engaging in Monetary Transactions with Criminally Derived Property)
### (18 U.S.C. § 1957)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 16 of this Indictment.

2. On or about September 22, 2017, in the District of Oregon and elsewhere, defendant **LORI E. DEVENY** did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is making a $20,976.36 transfer through the Automated Clearing House (ACH) from Wells Fargo Bank account number X9853 to Alliance Legal Solutions for payment on a loan, such property having been derived from a specified unlawful activity, that is, Bank Fraud.

In violation of Title 18, United States Codes, Section 1957.

## COUNT 18
### (Making and Subscribing a False Federal Income Tax Return)
### (26 U.S.C. § 7206(1))

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in each of the paragraphs of Count 1 through Count 17 of this Indictment.

2. On or about May 10, 2013, in the District of Oregon, defendant **LORI E. DEVENY (DEVENY)** did willfully make and subscribe a joint U.S. Individual Income Tax Return, Form 1040, for the calendar year 2011, which was verified by a written declaration that it was made under the penalties of perjury, and which she did not believe to be true and correct as to every material matter. That U.S. Individual Income Tax Return, Form 1040, for calendar year 2011, which was prepared and signed in the District of Oregon and was filed with the Internal Revenue Service, stated that **DEVENY'S** gross receipts, Line 1d of Form Schedule C, was $244,098, whereas, as she then and there well knew and believed that said item was false.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 19
### (Making and Subscribing a False Federal Income Tax Return)
### (26 U.S.C. § 7206(1))

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 18 of this Indictment.

2. On or about May 10, 2013, in the District of Oregon, defendant **LORI E. DEVENY (DEVENY)** did willfully make and subscribe a joint U.S. Individual Income Tax Return, Form 1040, for the calendar year 2012, which was verified by a written declaration that it was made under the penalties of perjury, and which she did not believe to be true and correct as to every material matter. That U.S. Individual Income Tax Return, Form 1040, for calendar year 2012, which was prepared and signed in the District of Oregon and was filed with the Internal Revenue Service, stated that **DEVENY'S** gross receipts, Line 1 of Form Schedule C, was $227,772, whereas, as she then and there well knew and believed that said item was false.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 20
### (Failure to File a Federal Income Tax Return)
### (26 U.S.C. § 7203)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 19 of this Indictment.

2. During the calendar year 2013, defendant **LORI E. DEVENY (DEVENY)**, who was a resident of the District of Oregon had and received gross income totaling in excess of $556,000. By reason of that gross income, she was required by law, following the close of the calendar year 2013, and on or before April 15, 2014, to make an income tax return to the Internal Revenue Service Center, at Portland, Oregon, to a person assigned to receive returns at the local

office of the Internal Revenue Service at Portland, Oregon, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all the foregoing, defendant **DEVENY** did willfully fail, on or about April 15, 2014, in the District of Oregon and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT 21
### (Failure to File a Federal Income Tax Return)
### (26 U.S.C. § 7203)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 20 of this Indictment.

2. During the calendar year 2014, defendant **LORI E. DEVENY (DEVENY)**, who was a resident of the District of Oregon, had and received gross income totaling in excess of $496,000. By reason of that gross income, she was required by law, following the close of the calendar year 2014, and on or before April 15, 2015, to make an income tax return to the Internal Revenue Service Center, at Portland, Oregon, to a person assigned to receive returns at the local office of the Internal Revenue Service at Portland, Oregon, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all the foregoing, defendant **DEVENY** did willfully fail, on or about April 15, 2015, in the District of Oregon and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT 22
## (Failure to File a Federal Income Tax Return)
## (26 U.S.C. § 7203)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 21 of this Indictment.

2. During the calendar year 2015, defendant **LORI E. DEVENY (DEVENY)**, who was a resident of the District of Oregon, had and received gross income totaling in excess of $523,000. By reason of that gross income, she was required by law, following the close of the calendar year 2015, and on or before April 18, 2016, to make an income tax return to the Internal Revenue Service Center, at Portland, Oregon, to a person assigned to receive returns at the local office of the Internal Revenue Service at Portland, Oregon, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all the foregoing, defendant **DEVENY** did willfully fail, on or about April 18, 2016, in the District of Oregon and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT 23
## (Failure to File a Federal Income Tax Return)
## (26 U.S.C. § 7203)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 22 of this Indictment.

2. During the calendar year 2016, defendant **LORI E. DEVENY (DEVENY)**, who was a resident of the District of Oregon, had and received gross income totaling in excess of

$458,000. By reason of that gross income, she was required by law, following the close of the calendar year 2016, and on or before April 18, 2017, to make an income tax return to the Internal Revenue Service Center, at Portland, Oregon, to a person assigned to receive returns at the local office of the Internal Revenue Service at Portland, Oregon, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all the foregoing, defendant **DEVENY** did willfully fail, on or about April 18, 2017, in the District of Oregon and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

### COUNT 24
### (Failure to File a Federal Income Tax Return)
### (26 U.S.C. § 7203)

1. The Grand Jury re-alleges and incorporates by reference herein, each and every allegation contained in all paragraphs of Count 1 through Count 23 of this Indictment.

2. During the calendar year 2017, defendant **LORI E. DEVENY (DEVENY)**, who was a resident of the District of Oregon, had and received gross income totaling in excess of $575,000. By reason of that gross income, she was required by law, following the close of the calendar year 2017, and on or before April 17, 2018, to make an income tax return to the Internal Revenue Service Center, at Portland, Oregon, to a person assigned to receive returns at the local office of the Internal Revenue Service at Portland, Oregon, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and

believing all the foregoing, defendant **DEVENY** did willfully fail, on or about April 17, 2018, in the District of Oregon and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## FIRST FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.  Upon conviction of one or more of the offenses alleged in Count 1 through Count 12, and in Count 14 this Indictment, defendant **LORI E. DEVENY** shall forfeit to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses alleged in Count 1 through Count 6, Mail Fraud, in violation of 18 U.S.C. § 1341; Count 7 through Count 12, Wire Fraud, in violation of 18 U.S.C. § 1343; and Count 14, Bank Fraud, in violation of 18 U.S.C. § 1344.

2.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b).

## SECOND FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

1. Upon conviction of one or more of the offenses alleged in Count 16 and Count 17 of this Indictment, defendant **LORI E. DEVENY** shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(1), any and all property, real or personal, involved in the money laundering offenses and all property traceable to such property, including but not limited to a money judgment for a sum of money equal to the amount of property involved in those offenses.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

/ / /

/ / /

/ / /

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b).

Dated: May 7, 2019

A TRUE BILL.

███████████████
OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

*/s/ Claire M. Fay*
CLAIRE M. FAY, DCB #358218
Assistant United States Attorney