**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Claire M. Fay**
Assistant U.S. Attorney
Claire.Fay@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 24, 2022

Mark P. Ahlemeyer, Esq.
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

   Re: *United States v. Lori E. Deveny*, Case No. 3:19-cr-00183-MO
      Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to the following charges in the Indictment: Count 1, Mail Fraud, in violation of 18 U.S.C. § 1341; Count 11, Wire Fraud, in violation of 18 U.S.C. § 1343; Count 13, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A; Count 14, Bank Fraud, in violation of 18 U.S.C. § 1344; Count 15, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A; Count 16, Engaging in Monetary Transactions With Criminally Derived Property, in violation of 18 U.S.C. § 1957; and Count 19, Filing a False Federal Income Tax Return for the calendar year 2012, in violation of 26 U.S.C. § 7206(1).

3. **Penalties**: The maximum sentence for Count 1, Mail Fraud, and Count 11, Wire Fraud, is twenty (20) years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), three (3) years of supervised release, and a $100 fee assessment per count. The maximum sentence for Count 14 of the Indictment, Bank Fraud, is thirty (30) years in prison, a fine of $1,000,000, five (5) years of supervised release, and a $100 fee assessment. The maximum sentence for Count 16, Engaging in Monetary Transactions With Criminally Derived Property, is ten (10) years imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), three

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 2
June 24, 2022

(3) years of supervised release, and a $100 fee assessment. The maximum penalty for Count 19, Filing a False Federal Income Tax Return for the calendar year 2012, is three (3) years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), one (1) year of supervised release, and a $100 fee assessment. The sentence for Count 13 is a mandatory two-year term of imprisonment that must be served consecutively to any term of imprisonment imposed for Counts 1, 11, 14, 15, 16, and 19, and a $100 fee assessment. The sentence for Count 15 is a mandatory two-year term of imprisonment that defendant must serve consecutively to any term of imprisonment imposed for Counts 1, 11, 13, 14, 16, and 19, and a $100 fee assessment. However, under 18 U.S.C. §1028A(b)(4), the Court, in its discretion, may run the sentence on Count 15 concurrently, in whole or in part, only with the sentence imposed on Count 13, provided that such discretion shall be exercised in accordance with any applicable guideline and policy statements issued by the Sentencing Commission pursuant to Section 994 of Title 28.

   Defendant agrees to pay the fee assessments of $700 by the time of entry of guilty plea or explain to the Court why she cannot do so. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements:** In order for defendant to be found guilty of the charges in the Indictment, the government must prove the following elements beyond a reasonable doubt:

  **Count 1 -- Mail Fraud, in violation of 18 U.S.C. § 1341:**

  a. The defendant knowingly devised or intended to devise a material scheme or artifice to defraud, or to obtain money by means of false or fraudulent pretenses, representations or promises, or omissions of fact;

  b. The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 3
June 24, 2022

      c.      The defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

      d.      The defendant used or caused the use of the mails to carry out or attempt to carry out an essential part of the scheme.

### Count 11 -- Wire Fraud, in violation of 18 U.S.C. § 1343:

      a.      The defendant knowingly devised or intended to devise a material scheme or artifice to defraud, or to obtain money by means of false or fraudulent pretenses, representations or promises, or omissions of fact;

      b.      The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

      c.      The defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

      d.      The defendant used or caused the use of interstate wires to carry out or attempt to carry out an essential part of the scheme.

### Counts 13 and 15 – Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A:

      a.      The defendant knowingly possessed or used without legal authority a means of identification of another person;

      b.      The defendant knew that the means of identification belonged to a real person; The government need not establish that the means of identification of another person was stolen; and

      c.      The defendant did so during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c) or § 2332b (g)(5)(B), which includes 18 U.S.C. §§ 1341, 1343, and 1344.

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 4
June 24, 2022

**Count 14 – Bank Fraud, in violation of 18 U.S.C. § 1344:**

 a. The defendant knowingly executed a scheme to defraud a financial institution as to a material matter;

 b. The defendant did so with the intent to defraud the financial institution; and

 c. The financial institution was insured by the Federal Deposit Insurance Corporation.

**Count 16 -- Engaging in Monetary Transactions with Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. § 1957:**

 a. The defendant knowingly engaged or attempted to engage in a monetary transaction;

 b. The defendant knew the transaction involved criminally derived property;

 c. The property had a value of greater than $10,000;

 d. The property was in fact derived from the specified unlawful activity alleged in the Indictment (in this case, Bank Fraud, in violation of 18 U.S.C. § 1344); and

 e. Some part of the transaction took place within the United States or the special maritime and territorial jurisdiction of the United States.

**Count 19 – Filing a False Federal Income Tax Return for the Calendar Year 2012, in violation of 26 U.S.C. § 7206(1):**

 a. The defendant made and subscribed a return, statement, or other document which was false as to a material matter;

 b. The return, statement, or other document contained a written declaration that it was made under the penalties of perjury;

 c. The defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and

 d. The defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 5
June 24, 2022

Defendant admits she committed every element of each offense set forth herein.

6.     **Factual Basis:** The defendant admits that the following is an accurate, though non-exhaustive statement of the offense conduct: From in or about September 1989 to in or about May 2018, defendant Deveny was an attorney licensed to practice law in the State of Oregon. Defendant was a sole practitioner with an office located in Portland, Oregon. Deveny provided legal services to clients in exchange for attorney's fees. Deveny specialized in representing clients who had suffered physical injuries as the result of automobile accidents and other traumatizing events. Over the course of her legal career, defendant represented hundreds of clients.

Beginning at least as early as in or about April 2011, and continuing through at least May 2018, Deveny knowingly and with intent to defraud, devised a material scheme and artifice to defraud clients of her law firm and various insurance companies, and to obtain money and property of those clients and insurance companies by means of materially false and fraudulent pretenses, representations, and promises, and through the omission of material facts that defendant had a duty to disclose. Deveny defrauded many of her clients by systematically stealing funds from her IOLTA account, Wells Fargo Bank account number X9911, that she held in trust for her clients. The source of the stolen funds was insurance proceeds that were due and payable to Deveny's clients. A variety of insurance companies had made payments to Deveny's clients as the result of filed claims that defendant sent either through the mail or via interstate wire. Deveny forged the names of many of her clients on settlement documents she sent to the insurance companies. In reliance on this false documentation, the insurance companies used the U.S. Postal Service or private commercial carriers to send the insurance proceeds checks to defendant. Once Deveny received the checks, she deposited the insurance proceeds meant for her clients to her IOLTA account, Wells Fargo Bank account number X9911. In order to deposit many of the checks, Deveny forged the names of her clients on the endorsement portion of the checks. Deveny then fraudulently converted to her own use, more than her agreed-upon one-third share of attorney fees from the insurance proceeds. Defendant did so by making unauthorized transfers of funds from the IOLTA account to her business checking account, her personal account, and her husband's business account, and by making large cash withdrawals from the IOLTA account. Many of Deveny's clients were unaware that the defendant had settled their claims with the insurance companies. When clients complained about the length of time it was taking for claims to settle, defendant sent them lulling emails or text messages, making a variety of excuses, including: claiming that the insurance companies typically take a long time to settle claims; falsely claiming that she was following up with insurance companies about their delays in making settlement payments; falsely claiming that the clients' settlements had been delayed by medical liens; claiming that she was ill; claiming that other family members were ill; and other excuses. Many of Deveny's clients never received any of the insurance proceeds owed

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 6
June 24, 2022

to them. Deveny used the funds she embezzled from her clients to pay for the following: personal credit card and loan payments; numerous big game hunting trips to Africa; taxidermy expenses for big game hunting trophies; numerous other vacation trips; her husband's photography business; remodeling her home; expensive cigars; and other expenses associated with her lavish lifestyle. Defendant also used a portion of some clients' stolen funds to pay other clients who had not received their insurance settlement proceeds. Each of the facts listed herein occurred within the District of Oregon.

      a.    **Count 1**: In order to execute her material scheme to defraud, on or about June 25, 2014, defendant Deveny knowingly caused Farmer's Insurance Company to mail via the U.S. Postal Service, check number xxxxxx8602 for $150,000. This check represented insurance proceeds that were due to one of Deveny's clients. This client never received any of the proceeds of this payment, and defendant stole the entire amount. These facts form the basis of Count 1 of the Indictment.

      b.    **Count 11**: In order to execute her material scheme to defraud, on or about May 31, 2018, defendant Deveny knowingly caused the transmission in interstate commerce, by means of wire communication, of a forged Letter and Release in Full of All Claims Form from facsimile number (503) 225-0445 in Oregon to facsimile number (866) 893-4517 in another state. These facts form the basis of Count 11 of the Indictment.

      c.    **Count 13**: Client 1 was an individual who resided in the State of Washington. Beginning as early as 2016 and continuing until at least May 2018, Client 1 had a formal attorney-client relationship with defendant. Specifically, defendant Deveny agreed to represent Client 1 in relation to an insurance claim for injuries Client 1 suffered as a result of an automobile accident. On or about May 31, 2018, Deveny knowingly possessed and used, without lawful authority, the name and signature of Client 1, a means of identification, while defendant Deveny committed a felony violation of Title 18, United States Code, Section 1343, Wire Fraud. Deveny forged Client 1's name and signature on a Letter and Release in Full of All Claims Form and submitted the form to an insurance company, knowing that this means of identification belonged to her client, another actual person. These facts form the basis of Count 13 of the Indictment.

      d.    **Counts 14 and 15**: Client 2 was an individual who resided in Oregon and elsewhere. Client 2 had a formal attorney-client relationship with Deveny in or about 1996, when defendant successfully handled a workman's compensation claim for Client 2. Sometime prior to September 2017, Client 2 wanted to make a claim against a company that manufactured medical devices. When Client 2 went to defendant Deveny to have her handle this claim, Deveny referred the case to another attorney, and Client 2 hired that attorney. Defendant

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 7
June 24, 2022

Deveny received a referral fee from the attorney who represented Client 2 in the case against the medical device manufacturer. On or about September 19, 2017, Deveny knowingly executed a material scheme to defraud Wells Fargo Bank, which at the time was a federally insured financial institution, and to obtain money and property owned by and under the control of Wells Fargo Bank, by materially false pretenses by depositing to her IOLTA account, Wells Fargo Bank account number X9911, without lawful authority, a stolen check in the amount of $55,629.01, written on another Wells Fargo Bank account, number X7709, and made payable to Client 2. On or about September 19, 2017, defendant Deveny knowingly possessed and used, without lawful authority, the name and signature of Client 2, a means of identification of another person, during and in relation to Bank Fraud, a violation of Title 18, United States Code, Section 1344. Deveny forged Client 2's name and signature on a stolen check in the amount of $55,629.01 knowing that this means of identification belonged to Client 2, another actual person. These facts form the basis of Counts 14 and 15 of the Indictment.

  e. **Count 16**: On or about September 20, 2017, defendant Deveny knowingly engaged in a monetary transaction to a financial institution affecting interstate commerce, using criminally derived property of more than $10,000, by making a $26,000 transfer through the Automated Clearing House (ACH) from Wells Fargo Bank account number X9853 to American Express for payment on account number X7003. The source of these funds was from a specified unlawful activity, Bank Fraud. Deveny stole a check in the amount of $55,629.01 from Client 2 and deposited this check to her IOLTA account, Wells Fargo Bank account number X9911, without lawful authority. Defendant then used a portion of these stolen bank fraud funds to pay her American Express bill. These facts form the basis of Count 16 of the Indictment.

  f. **Count 19**: On or about May 10, 2013, defendant Deveny willfully made and subscribed a joint U.S. Individual Income Tax Return, Form 1040, for the calendar year 2012, which was verified by a written declaration that it was made under the penalties of perjury, and which she did not believe to be true and correct as to every material matter. This U.S. Individual Income Tax Return, Form 1040, for calendar year 2012, which was prepared and signed in the District of Oregon and filed with the Internal Revenue Service, stated that Deveny's gross receipts, Line 1 of Form Schedule C, was $227,772. Deveny knew this item was false, because she failed to report on the federal tax return, $233,840.00 of income that she embezzled from her clients in 2012. These facts form the basis of Count 19 of the Indictment.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 8
June 24, 2022

8.   **Loss Amount**: The defendant and the government agree that the total amount of the funds stolen and laundered as the result of defendant's fraudulent Mail, Wire, and Bank Fraud schemes is more than $2.8 million. The unreported gross receipts for 2011 was $180,236.00 and unreported gross receipts for 2012 was $233,840.00. Defendant failed to file federal income tax returns for 2013 through 2017. Unreported gross receipts for these years is as follows: $556,862 for 2013; $496,733.00 for 2014; $523,526.56 for 2015; $458,800.00 for 2016; and $575,548.00 for 2017. The parties agree that the total additional tax due and owing to the Internal Revenue Service as a result of defendant's failure to report her embezzled income for tax years 2011 through 2017 is $621,137.00.

The total losses caused by defendant Deveny's criminal conduct exceed $3.4 million.

9.   **Advisory Guidelines Calculation**: The parties agree that the following United States Sentencing Guidelines ("Guidelines") provisions apply to Counts 1, 11, 14 and 16:

|    | **Guideline Provision** | **Levels** |
| --- | --- | --- |
| A. | Base Offense Level [USSG § 2B1.1(a)(l), § 2S1.1(a)(1)] | 7 |
| B. | Loss of More than $1,500,000 [USSG § 2B1.1(b)(1)(J)] | 16 |
| C. | Ten or More Victims [USSG § 2B1.1(b)(2)(A)(i)] | 2 |
| D. | "Sophisticated means" [USSG § 2B1.1(b)(10)(C)] | 2 |
| E. | Money Laundering [USSG § 2S1.1(b)(2)(A)] | 1 |
| F. | Vulnerable Victim [USSG § 3A1.1(b)(1)] | 2 |
| G. | Large Number of Vulnerable Victim [USSG § 3A1.1(b)(2)] | 2 |
| H. | Abuse of Position of Trust [USSG § 3B1.3] | 2 |
|    | **Adjusted Offense Level** | **34** |

The parties agree that the following United States Sentencing Guidelines provisions apply to Count 19 of the Indictment:

|    | **Guideline Provision** | **Levels** |
| --- | --- | --- |
| A. | Base Offense Level [ §2T1.1, 2T4.1(H)] | 20 |
| B. | Illegal Source over $10,000 [§2T1.1(b)(1) | 2 |
|    | Adjusted Offense Level | 22 |

The parties agree that the fraud charges in Counts 1, 11, 14, and 16 are not grouped with the false tax return charge in Count 19, and consequently, the multiple

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 9
June 24, 2022

count adjustment under USSG § 3D1.4 applies. The parties agree that under USSG § 3D1.4(a), one level will be added to the group of counts with the highest Offense Level, resulting in a Total Adjusted Offense Level of 35 (34 +1= 35).

10.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

11.     **Criminal History Category**: The USAO and defendant have no agreement as to defendant's Criminal History Category.

12.     **Mandatory Sentence**: Defendant understands and agrees that the sentence for Count 13, Aggravated Identity Theft (18 U.S.C. §1028A), is a mandatory twenty-four month term of imprisonment that **must** be served consecutively to any term of imprisonment imposed for Counts 1, 11, 14, 15, 16 and 19. Defendant also understands and agrees that the sentence for Count 15, the second Aggravated Identity Theft charge (18 U.S.C. §1028A), is a mandatory twenty-four month term of imprisonment that the Court in its discretion may run concurrently to the term of imprisonment imposed in Count 13 (18 U.S.C. § 1028A(b)(4)). The government agrees to recommend that the mandatory twenty-four month sentence for Count 15 run concurrently with the mandatory twenty-four month sentence for Count 13 and with any sentence imposed for Counts 1, 11, 14, 16 and 19.

13.     **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range with respect to Counts 1, 11, 14, 16, and 19 as long as defendant demonstrates an acceptance of responsibility as explained above. The government will also recommend that defendant serve a mandatory prison term of twenty-four months on the conviction for Count 13, to be served consecutively to the sentence imposed on Counts 1, 11, 14, 16 and 19. The government agrees to recommend that the mandatory twenty-four month sentence for Count 15 run concurrently with the mandatory twenty-four month sentence the Court imposes for Count 13 and with any sentence imposed for Counts 1, 11, 14, 16 and 19.

The parties may offer relevant evidence in support of the total prison recommendation.

14. **Additional Departures, Adjustments, or Variances**: The USAO agrees to recommend an additional two-level downward adjustment to the advisory sentencing guideline range applicable to Counts 1, 11, 14, 16 and 19 based on the factors set forth in 18 U.S.C. § 3553.

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Defendant agrees not to seek or advocate for a sentence below 60 months in prison. Any request by the defendant for downward departure, adjustment, or variance to the applicable advisory sentencing guideline range shall be limited to the factors set forth in 18 U.S.C. § 3553.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 11
June 24, 2022

defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

17. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

19. **Restitution**: Defendant stipulates that this plea agreement arises from offenses listed under 18 U.S.C. § 3663A, and that an order of restitution is mandatory, notwithstanding defendant's ability to pay. In addition, defendant stipulates to the entry of an order pursuant to 18 U.S.C. § 3663A(a)(3) requiring defendant to pay restitution to all victims for all losses and expenses proximately caused by defendant's conduct described above under paragraph 6, the Factual Basis of this plea agreement and the additional relevant conduct pursuant to USSG § 1B1.3. Defendant agrees to pay restitution as determined by the Court. Defendant agrees that restitution will be at least $3.4 million, and it may be higher. The parties agree that restitution will not exceed $15 million.

20. **Disclosure of Assets**: Defendant agrees to fully disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 12
June 24, 2022

records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the USAO, on the issue of defendant's financial disclosures and assets.

### A. **Transfer of Assets:**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### B. **Restitution:**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, including losses caused by relevant conduct, regardless of whether the conduct was charged in the Indictment, or whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 13
June 24, 2022

defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

21. **Criminal Tax Loss and Civil Tax Proceedings**: The defendant understands the criminal tax loss amount does not include all the applicable statutory penalties and interest for which the defendant may be liable under the Internal Revenue Code and that the IRS may assess her penalties and interest in addition to the criminal tax loss amount. The defendant understands and agrees that this plea agreement does not prohibit the United States or the Internal Revenue Service from pursuing any civil or administrative proceeding against the defendant. The defendant agrees the USAO and Internal Revenue Service Criminal Investigation Division may disclose the criminal file in this case to any civil component of the Internal Revenue Service for assessment or collection of any taxes the defendant may owe. The defendant waives any rights she may have pursuant to 26 U.S.C. §§ 6103 and 7213 and Fed.R.Crim.P. 6(e), regarding privacy/secrecy of tax returns, return information, and grand jury material. The defendant does not waive, and retains, any right she may have to contest civilly or administratively any findings, assessments, or collection activity by the Internal Revenue Service.

22. **Tax Compliance and Special Conditions of Supervised Release**: Defendant agrees to special conditions of probation or supervised release, requiring her to file tax returns and/or amended tax returns for 2012 through 2017 and to pay all taxes due and owing. Defendant further agrees to the special conditions that:

    a.    She meet with the IRS to determine her legal obligation to file tax returns and pay taxes and to sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax that she agrees to pay as restitution, including IRS Form 8821, "Tax Information Authorization;"

    b.    She not file any claim for refund of taxes represented by any amount of restitution paid pursuant to this agreement;

    c.    This agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period;

    d.    That unless the Director of the Administrative Office of the United States Courts directs defendant otherwise, all payments made pursuant to the Court's restitution order are to be

Revised May 2018

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 14
June 24, 2022

sent only to the Clerk of the Court at the following address: Clerk, United States District Court, District of Oregon, 1000 SW Third Avenue, Portland, Oregon 97204;

    e.    She provide with each payment to the Clerk of the Court made pursuant to the Court's restitution order:

        1.    Her name and Social Security number;
        2.    The District Court docket number assigned to this case;
        3.    The periods for which restitution has been ordered; and
        4.    A statement that the payment is being submitted pursuant to the District Court's restitution order;

    f.    She include a request that the Clerk of the Court send the information, along with defendant's payments, to the appropriate IRS office;

    g.    She send a notice of any payments made pursuant to the agreement, including the information listed in the previous paragraph, to the IRS at the following address: IRS -RACS Attn: Mail Stop 6261, Restitution, 333 W. Pershing Ave, Kansas City, MO 64108.

    h.    She is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to his particular liability.

23.    **Forfeiture Terms**:

    A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c), all right, title, and interest in a money judgment equal to the amount of property, real or personal, which constitutes or is derived from proceeds traceable to Counts 1 through 12, with the final amount of the money judgment to be determined prior to the time of sentencing, but no less than $2,554,337.57. Defendant also knowingly and voluntarily forfeits, pursuant to 18 U.S.C. § 982(a)(2)(A), all right, title, and interest in a money judgment equal to the amount of any property constituting, or derived from, proceeds defendant obtained directly or indirectly, as the result of Count 14, with the final amount of the money judgment to be determined prior to the time of sentencing, but no less than $52,620.36.

    B.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of this money judgment, including

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 15
June 24, 2022

any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture. Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of defendant's sentence.

24.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

25.     **Deadline**: This plea offer expires if not accepted by June 26, 2022, at 12:00 p.m.

                                                Sincerely,

                                                SCOTT ERIK ASPHAUG
                                                United States Attorney

                                                *Claire M. Fay*

                                                CLAIRE M. FAY
                                                Assistant United States Attorney

Mark P. Ahlemeyer, Esq.
Re: Lori E. Deveny Plea Agreement Letter
Page 16
June 24, 2022

      I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

_6/27/22_
Date

_____
Lori E. Deveny, Defendant

      I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_6/27/22_
Date

_____
Mark P. Ahlemeyer, Attorney for
Defendant Lori E. Deveny