NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**CLAIRE M. FAY, DCB #358218**
Assistant United States Attorney
Claire.Fay@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:19-cr-00183-MO |
| v. | |
| **LORI E. DEVENY,** | **GOVERNMENT'S RESTITUTION MEMORANDUM** |
| Defendant. | Restitution Hearing:  April 19, 2023, @ 11:30 a.m. |

### I.     STATUS OF THE CASE

On January 9, 2023, the Court sentenced defendant Deveny to a total of 111 months in prison, three years of supervised release on Counts 1, 11, 14, 16 and 19, one year of supervised release on Counts 13 and 15, a special fee assessment of $700, and restitution to be determined at a hearing scheduled for April 19, 2023, at 11:30 a.m. (ECF No. 55).[1]

---

[1] The 111-month sentence imposed by the Court included 77 months in prison on Counts 1, 11, 14, 16 and 19; mandatory 24 months of imprisonment on Count 13, to be served consecutively to the sentence imposed on Counts

Defendant Deveny agrees that she owes restitution to each of the victims in Exhibit 1, a document filed under seal.

## II.     AMOUNT OF RESTITUTION OWED

As noted in the government's sentencing memorandum, the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, governs restitution in this case (ECF No. 47). The MVRA requires a district court to 'order a defendant to make restitution to a victim of certain specified offenses.'" *United States v. Eyraud*, 809 F.3d 462, 467 (9th Cir. 2015) (citation omitted). Under 18 U.S.C. § 3553A(a)(1), restitution is mandatory for an "offense described in subsection (c)," which includes "an identifiable victim or victims [who] have suffered a physical injury or pecuniary loss." 18 U.S.C. § 3553A(c)(1)(B).

Under the plea agreement here, defendant Deveny stipulated that the MVRA applies to her conduct in this case. She also agreed to pay restitution for all losses caused by her criminal conduct pursuant to U.S.S.G. §§ 2B1.1 (Offense Conduct) and 1B1.3 (Relevant Conduct) regardless of whether charges were charged in the Indictment, whether such losses are related to uncharged conduct, or whether charges were dismissed as part of the plea agreement (ECF No. 38 at ¶¶ 19, 20).

The government and defense have agreed on the amount of restitution owed to victims in this case as follows:

---

1, 11, 14, 16 and 19; and 24 months imprisonment on Count 15, to be served concurrently to the sentence imposed on Counts 1, 11, 13, 14, 16, and 19.

| | |
|---|---:|
| Unreimbursed Losses to Deveny's Clients: | $2,016,616.63 |
| Loss to Oregon State Bar Client Security Fund (CSF): | $1,323,011.08 |
| Loss to Wells Fargo Bank: | $52,620.36 |
| Tax Loss to the Internal Revenue Service: | <u>$621,137.00</u> |
| **TOTAL RESTITUION OWED**: | $4,013,385.07 |

Exhibit 1 filed under seal, lists the names of the victims, the amounts owed to each, and their contact information.

### III.   CONCLUSION

Based on the foregoing, the government and the defense respectfully request that the Court issue an order directing the defendant to pay total restitution of $4,013,384.57 to the victims of her fraudulent scheme, in the amounts set forth in Exhibit 1.

The parties believe that a restitution hearing on April 19, 2023, is no longer needed, since they have agreed to the amount of restitution defendant owes the victims in this case.

Dated this 18th day of April, 2023.                Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/ Claire M. Fay*
CLAIRE M. FAY DCB #358218
Assistant United States Attorney